**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIETNAM WOMEN'S MEMORIAL FOUNDATION, INC.            )<br>                                                                              )<br>         Plaintiff,                                                    )<br>                                                                              )     Civil Action No. 1:05CV02484<br>v.                                                                         )<br>                                                                              )<br>SUNBEAM TRADING, INC. *et al*.                       )<br>                                                                              )<br>         Defendants.                                             )<br>_____) | |

**DEFENDANT PENGUIN MARKETING GROUP'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Penguin Marketing Group ("PENGUIN MARKETING" or "Defendant"), by and through its undersigned counsel, hereby files its Answer to Plaintiff Vietnam Women's Memorial Foundation's ("VWMF" or "Plaintiff") Complaint, and states as follows:

1.   Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 1. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 1.

2.   Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 2. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 2.

3.   Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 3. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 3.

4. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 4. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 4.

5. Defendant PENGUIN MARKETING admits that its principal place of business is 2800-G Dorr Avenue, Fairfax, Virginia 22031. Defendant PENGUIN MARKETING denies the remaining allegations of paragraph 5.

6. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 6. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 6.

7. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 7. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 7.

8. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 8. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 8.

9. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 9. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 9.

.    10. Paragraph 10 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 10.

11. Paragraph 11 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 11.

12. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 12. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 12.

13. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 13. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 13.

14. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 14. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 14.

15. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 15. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 15.

16. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 16. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 16.

17. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 17. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 17.

18. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 18. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 18.

19. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 19. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 19.

20. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 20. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 20.

21. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 21. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 21.

22. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 22. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 22.

23. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 23. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 23.

24. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 24. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 24.

25. Defendant PENGUIN MARKETING lacks sufficient information to either admit or deny the allegations of paragraph 25. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 25.

26. Defendant PENGUIN MARKETING denies the allegations of paragraph 26.

## **COUNT I**
## **(COPYRIGHT INFRINGEMENT AGAINST SUNBEAM TRADING)**

27. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to paragraphs 1-26 hereof as if set forth fully herein.

28. Paragraph 28 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 28.

29. Paragraph 29 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 29.

30. Paragraph 30 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 30.

31. Paragraph 31 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 31.

32. Paragraph 32 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 32.

33.     Paragraph 33 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 33.

34.     Paragraph 34 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 34.

**COUNT II**
**(COPYRIGHT INFRINGEMENT AGAINST SHIN SUNG SOUVENIR CO.)**

35.     Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

36.     Paragraph 36 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 36.

37.     Paragraph 37 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 37.

38.     Paragraph 38 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 38.

39.     Paragraph 39 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 39.

40. Paragraph 40 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 40.

41. Paragraph 41 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 41.

42. Paragraph 42 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 42.

## COUNT III
### (COPYRIGHT INFRINGEMENT AGAINST P&D SOUVENIR)

43. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

44. Paragraph 44 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 44.

45. Paragraph 45 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 45.

46. Paragraph 46 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 46.

47. Paragraph 47 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 47.

48. Paragraph 48 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 48.

49. Paragraph 49 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 49.

50. Paragraph 50 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 50.

## COUNT IV
## (COPYRIGHT INFRINGEMENT AGAINST OSCAR MAYERS)

51. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

52. Paragraph 52 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 52.

53. Paragraph 53 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 53.

54. Paragraph 54 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 54.

55. Paragraph 55 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 55.

56. Paragraph 56 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 56.

57. Paragraph 57 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 57.

58. Paragraph 58 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 58.

### COUNT V
### (COPYRIGHT INFRINGEMENT AGAINST OSCAR and YELCA TOVAR)

59. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

60. Paragraph 60 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 60.

61. Paragraph 61 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 61.

62. Paragraph 62 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 62.

63. Paragraph 63 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 63.

64. Paragraph 64 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 64.

65. Paragraph 65 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 65.

66. Paragraph 66 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 66.

**COUNT VI**
**(COPYRIGHT INFRINGEMENT AGAINST GUEST SERVICES, INC.)**

67. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

68. Paragraph 68 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 68.

69. Paragraph 69 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 69.

70. Paragraph 70 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 70.

71. Paragraph 71 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 71.

72. Paragraph 72 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 72.

73. Paragraph 73 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 73.

74. Paragraph 74 makes no allegations against Defendant PENGUIN MARKETING. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 74.

## COUNT VII
## (COPYRIGHT INFRINGEMENT AGAINST PENGUIN MARKETING GROUP)

75. Defendant PENGUIN MARKETING incorporates by reference its answers and/or denials to Paragraphs 1-26 hereof as if set forth fully herein.

76. Defendant PENGUIN MARKETING denies the allegations of paragraph 76.

77. Defendant PENGUIN MARKETING lacks sufficient information to admit or deny the allegations of paragraph 77. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 77.

78. Paragraph 78 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 78.

79. Paragraph 79 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 79.

80. Paragraph 80 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 80.

81. Paragraph 81 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant PENGUIN MARKETING denies the allegations of paragraph 81.

82. Defendant PENGUIN MARKETING denies that Plaintiff is entitled to the relief requests in paragraphs 1 – 7 of the Prayer for Relief.

83. Any allegations not specifically admitted throughout the Answer to the Complaint are hereby denied.

84. Strict proof is demanded for all allegations in the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

1. Counts I-VII of the Complaint fail to state a claim upon which relief may be granted.

2. Counts I-VII of the Complaint are barred by the statute of limitations.

3. Counts I-VII of the Complaint are barred by the doctrine of laches.

4. Counts I-VII of the Complaint are barred by the doctrine of unclean hands.

5. Counts I-VII of the Complaint are barred by the doctrine of acquiescence.

6. Plaintiff lacks standing to assert Counts I-VII of the Complaint.

7. The doctrine of abandonment bars the causes of action asserted in Counts I-VII of the Complaint.

8. Counts I-VII of the Complaint fail as a matter of law on the ground that Plaintiff's sculpture does not constitute a valid and enforceable copyrightable work.

9. Counts I-VII of the Complaint fail as a matter of law on the ground that section 120 of the Copyright Act limits Plaintiff's exclusive rights under section 106 of the Copyright Act and forecloses the claims asserted by Plaintiff in this action.

10. To the extent that Defendant PENGUIN MARKETING used, reproduced, or distributed merchandise containing an image of Plaintiff's sculpture, such conduct does not constitute copyright infringement under the doctrine of fair use as codified under 17 U.S.C. § 107.

11. Counts I-VII of the Complaint seek damages that are speculative and cannot be recovered as a matter of law.

12. Plaintiff has suffered no damages as a result of PENGUIN MARKETING's alleged conduct.

13. Plaintiff failed to mitigate its damages.

14. Plaintiff cannot establish that Defendant PENGUIN MARKETING acted willfully in allegedly committing copyright infringement under Count VII of the Complaint.

15. Plaintiff has slumbered on its rights and cannot obtain preliminary injunctive relief.

16. Plaintiff has slumbered on its rights and cannot obtain an impoundment order.

17. Plaintiff cannot recover Defendant PENGUIN MARKETING's profits because Plaintiff cannot establish that such profits were attributable to the use of Plaintiff's purported copyrightable work.

18. Defendant PENGUIN MARKETING reserves the right to rely on additional affirmative defenses identified in the course of discovery that are not specifically set forth above.

WHEREFORE, Defendant Penguin Marketing Group requests that this Court dismiss Counts I-VII of Plaintiff's Complaint with prejudice, grant judgment in favor of Defendant Penguin Marketing Group on all such Counts, and award Defendant Penguin Marketing Group its costs, attorneys' fees, and other expenses.

Dated:  May 19, 2006					Respectfully submitted,

							By:	  /s/  Scott J. Spooner
							Scott J. Spooner, D.C. Bar No. 466713
							BEAN, KINNEY & KORMAN, P.C
							2000 N. 14th Street, Suite 100
							Arlington, Virginia 22201
							(703) 525-4000
							(703) 525-2207 (fax)
							Counsel for Defendant Penguin Marketing Group

15

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2006, a true copy of Defendant Penguin Marketing Group's Answer was sent via first class mail, postage pre-paid, to:

Deborah M. Lodge, Esq.
PATTON BOGGS, LLP
2550 M Street, NW
Washington, D.C. 20037
Counsel for Plaintiff Vietnam Women's Memorial Foundation, Inc.

Shin Sung Souvenir Co.
101 R Street, S.W.
Washington, D.C. 20024-3418

P&D Souvenir
520 10th Street, N.W.
Washington, D.C. 20004-1413

Oscar Mayers
3332 10th Place, S.E.
Washington, D.C. 20032

Oscar and Yelca Tovar
5507 Heming Avenue
Springfield, VA 22151

Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031

                                          \_\_\_/s/_____
                                          Scott J. Spooner, Esq.