## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Vietnam Women's Memorial Foundation, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:05CV02484 (RWR) |
| v. ) | |
| ) | |
| Sunbeam Trading Inc., et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff hereby moves the Court, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), for reconsideration and amendment of the Order dated May 23, 2006. That Order dismissed the complaint as against certain defendants for failure of prosecution. Specifically, Plaintiff asks that the Court's May 23, 2006 Order be vacated and this case reinstated as against Defendants Shin Sung Souvenir Co. and Guest Services, Inc. Defendant Shin Sung Souvenir Co. has consented to this motion, as demonstrated in the letter annexed as Exhibit 1 of Deborah Lodge.

Plaintiff does not seek reinstatement of the case against Defendants Oscar Mayers, Oscar Tovar, Yelca Tovar and the John Doe defendants, as Plaintiff's attempts to serve those parties were unsuccessful. The dismissal Order did not affect the case against Defendants Sunbeam Trading Inc. or Penguin Marketing Group, which filed answers to the Complaint.

Rule 60(b)(1) authorizes the court to grant relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e) allows motions to alter or

amend a judgment to be filed within 10 days after entry, to prevent manifest injustice. The May

23, 2006 Order of Dismissal was issued after Plaintiff failed to respond to a May 5, 2006 Order

to Show Cause. As demonstrated in the accompanying Memorandum of Law and Declaration of

Deborah M. Lodge, Plaintiff's failure to file a response to the Court's May 5, 2006 Order to

Show Cause was due to inadvertence mistake and excusable neglect. The requested relief is

necessary to avoid manifest injustice.

Neither defendant Shin Sung Souvenir Co., nor Guest Services, Inc. would be prejudiced

by reinstatement of the suit. Nor would the judicial process be delayed by reinstatement, as the

Court's dismissal order pertained only to some of the defendants. Thus, this Case would continue

in any event against other defendants. On the other hand, dismissal would severely prejudice

Plaintiff, which has meritorious claims of copyright infringement against each of these

defendants.

Plaintiff further moves that this Court accept the accompanying memorandum as

Plaintiff's response to the Order to Show Cause, under Rule 6. Plaintiff has not failed to

prosecute this case. In the intervening months since the filing and service of the Complaint,

Plaintiff's counsel was engaged in ongoing settlement negotiations with counsel for now-

dismissed Defendants Shin Sung Souvenir Co. and Guest Services, Inc., as well as with counsel

for the answering defendants Sunbeam Trading Inc. and Penguin Marketing Group. All

defendants provided preliminary discovery voluntarily, which furthered settlement efforts.

For the foregoing reasons, Plaintiff respectfully requests that the Order of May 23, 2006

be vacated as to Defendants Shin Sung Souvenir Co. and Guest Services. Plaintiff further

requests that the annexed memorandum be accepted as Plaintiff's response to the May 5, 2006

Order to Show Cause.  A proposed Order is annexed.


Dated:  May 31, 2006.                          Respectfully submitted,




                                               By: _____
                                               Deborah M. Lodge, D.C. Bar # 393942
                                               PATTON BOGGS, LLP
                                               2550 M Street, NW
                                               Washington, DC  20037
                                               (202) 457-6000

                                               Attorneys for Plaintiff
                                               Vietnam Women's Memorial Foundation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2006, a true copy of Plaintiff's Motion for Reconsideration, Supporting Memorandum and Declaration of Deborah M. Lodge was sent by electronic mail and by first class mail, postage pre-paid, to:

Clarence Young Lee
Scott J. Spooner
BEAN, KINNEY & KORMAN, P.C.
2000 North 14th Street
Suite 100
Arlington, VA 22201
(703) 525-4000
Email: clee@beankinney.com
Email: sspooner@beankinney.com
Attorneys for  Sunbeam Trading Inc. and
            Penguin Marketing Group

James L. Lyons, Esq.
KELLOGG, WILLIAMS & LYONS
1925 K Street, N.W.
Suite 200
Washington, DC 20006
(202) 898.0722
Email: jameslyons@verizon.net
Attorney for Shin Sung Souvenir Co.

Douglas Verner, Esq.
General Counsel
Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031
(703) 849-9300
Email: vernerd@guestservices.com


Deborah M. Lodge, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Vietnam Women's Memorial Foundation, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05CV02484 (RWR) |
| Sunbeam Trading Inc., et al., | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration and amendment of the Order dated May 23, 2006, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). That Order dismissed the complaint as against certain defendants for failure of prosecution. Plaintiff is asking that the case be reinstated against Defendants Shin Sung Souvenir Co. and Guest Services, Inc. Defendant Shin Sung Souvenir Co. has consented to that reinstatement. See May 25, 2006 letter from James Lyons, counsel for Shin Sung Souvenir Co., to Deborah Lodge, annexed as Exhibit 1 to the accompanying Declaration of Ms. Lodge ("Lodge Decl.").

Plaintiff also moves the Court to accept this Memorandum as a response to the Court's May 5, 2006 Order to Show Cause why the case should not be dismissed for lack of prosecution. As demonstrated below and in Ms. Lodge's declaration, Plaintiff has been engaged in active settlement discussions with the four defendants that were successfully served with process, including Defendants Shin Sung Souvenir Co. and Guest Services, Inc. As part of those negotiations, these defendants voluntarily produced relevant documents and information to

4806803v1

Plaintiff. Plaintiff thus has not ignored this case, but has been trying to resolve this dispute without requiring significant court involvement.

Plaintiff does not seek reinstatement of the case against Defendants Oscar Mayers, Oscar Tovar, Yelca Tovar and the John Doe defendants, as Plaintiff's attempts to serve those parties were unsuccessful. The dismissal Order did not affect the case against Defendants Sunbeam Trading Inc. or Penguin Marketing Group. Those defendants filed answers to the Complaint on May 19, 2006.

## BACKGROUND

This copyright infringement suit was filed on December 29, 2005. Plaintiff Vietnam Women's Memorial Foundation owns the copyright in the statue that is the center of the Vietnam Women's Memorial. Complaint, Exhibit A. That Memorial, which honors the 265,000 women who served in the Vietnam War, was installed in 1993 as part of the Vietnam Veterans Memorial. Plaintiff's suit alleges that the defendants had been distributing souvenirs (such as postcards, posters and statuettes) depicting the Vietnam Women's Memorial, without Plaintiff's authorization, and thus infringing Plaintiff's copyright. Named as defendants were Sunbeam Trading Inc., Shin Sung Souvenir Co., P&D Souvenir, Penguin Marketing Group, Oscar Mayers, Oscar Tovar, Yelka Tovar, Guest Services Inc., and various unidentified John Does.

Plaintiff served Sunbeam Trading Inc., Penguin Marketing Group, Shin Sung Souvenir Co., and Guest Services, Inc. in January, 2006. Despite several attempts, Plaintiff was unable to locate the other named defendants and therefore was not able to serve them.

Following service of the Complaint on Defendants Sunbeam Trading Inc., Shin Sung Souvenir Co., Penguin Marketing Group, and Guest Services, Inc., Plaintiff's counsel conferred with their counsel and began settlement negotiations. There were several conferences by

- 2 -

telephone and in person between counsel during January and February 2006. As part of

settlement efforts, these defendants voluntarily halted sales of the merchandise at issue and

voluntarily disclosed certain sales data to Plaintiff's counsel. Negotiations continued during

March and April. Lodge Decl., ¶3, 4.

    These four defendants asked Plaintiff to consent to additional time for responding to the

Complaint. Sunbeam Trading Inc. and Penguin Marketing Group filed periodic Motions on

Consent for an extension of time to file responsive pleadings. See, e.g., docket entries 3, 9, 10,

11, 12, 13. These two companies filed answers to the Complaint on May 19, 2006. Plaintiff's

counsel, as part of negotiations, agreed not to seek a default judgment against the other two

defendants, Shin Sung Souvenir Co. and Guest Services, Inc., and to give them at least 10 days

notice when an answer had to be filed. However, Shin Sung Souvenir Co. and Guest Services,

Inc. did not file a formal request for extensions of time from the Court. Lodge Decl., ¶5.

    On May 5, 2006, the Court entered a minute order to show cause asking Plaintiff to show

cause in writing before May 15, 2006 why the case should not be dismissed for lack of

prosecution. The Order was sent to counsel by email. To counsel's dismay, she did not timely

see the email notice, as she was out of town for a family reason that day. Counsel is normally

vigilant in checking her email – she checks it email frequently during the day if in the office, and

usually at least daily if she is out of town; yet on this one instance the May 5 email notice from

the Court slipped by her. She did not learn of the Order to Show Cause until she received the

email notice of the May 23, 2006 Order dismissing the case. Lodge Decl., ¶7.

    The May 23, 2006 Order of Dismissal was issued after Plaintiff failed to respond to a

May 5, 2006 Order to Show Cause. Upon learning of the May 26, 2006 Order, Plaintiff's

counsel immediately called the Court's chamber to apologize and indicate that this motion would

be made. Lodge Decl., ¶8. Plaintiff's failure to file a timely response to the Court's May 5, 2006 Order to Show Cause was due to inadvertence, mistake, or excusable neglect. Plaintiff's counsel has never before failed to comply in a timely fashion with any court order or requirement, in this case or any other. If she had been aware of the Court's order, she would have responded to it in a timely manner. The normal safeguards she implemented to ensure detection of important emails, including review by her secretary and other attorneys, failed in this one instance. She has implemented corrective measures to ensure that this was a one-time aberration. Lodge Decl., ¶8. This was the first, and the only, instance of any failure to comply with a court order in this case. Counsel's inadvertent overlooking of the email from the Court should not be a bar to Plaintiff's ability to seek redress for defendant Shin Sung Souvenir's and Guest Services' infringements of the copyright in the Vietnam Women's Memorial. Plaintiff therefore requests that the Court's May 23, 2006 Order be vacated and this submission be accepted as Plaintiff's response to the May 5, 2006 Order to Show Cause.

ARGUMENT

    1. The May 23, 2006 Order Should be Vacated Under Rule 59(e) or 60(b)(1).

    Rule 59(e) authorizes the court to alter or amend a judgment upon motion filed within 10 days after entry, to avoid "manifest injustice." See Harvey v. District of Columbia, 949 F. Supp. 878, 870 (D.D.C. 1996); James W. Moore, Moore's Federal Practice, § 59.30[5][a][v]. Rule 60(b)(1) authorizes the court to grant relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Industries, Inc. v. Hobgood, 280 F3d 262, 270 (3rd Cir. 2002).

A. The "Excusable Neglect" Standard is Applicable Here.

In In Re Vitamin Antitrust Actions, 327 F.3d 1207, 356 U.S. App. D.C. 70 (D.C. Cir. 2003), the D.C. Circuit approved the modification of a judgment to allow the movant to opt-out belatedly from a class action settlement. Movant's attorney's failure to submit a timely opt out notice was determined to be "excusable neglect." The court noted that the Supreme Court had established the relevant factors to be considered in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489 (1993): "These include: (1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." 327 F.3d at 1209.

The Circuit Court affirmed the lower court's modification of the judgment to allow the untimely opt-out, on the grounds that "the [adverse party] would not be substantially prejudiced by [the movant's] untimely opt-out; the length of the delay was short and would not impact judicial proceedings; and that there was no indication that [the movant] had acted in bad faith." Id. Although the district court "also found that the reason for the delay was within [the movant's] reasonable control, … the other factors outweighed the impact of this finding." Id. The D.C. Circuit declined to adopt "a per se rule that garden variety attorney inattention can never constitute excusable neglect. Instead, the court noted that in Pioneer, the Supreme Court "purposely fashioned a flexible rule which, by its nature, counsels against the imposition of a per se rule on attorney neglect." Id.

Application of the Pioneer standards to this case warrant a finding that Plaintiff's counsel's failure to learn of the May 5, 2006 Order to Show Cause was "excusable neglect"

under Rule 60(b)(1).  First, there is no danger of prejudice to the dismissed defendants. Shin

Sung Souvenir Co. and Guest Services, Inc. have been aware of the Complaint and have been

engaged in settlement negotiations with Plaintiff's counsel since January 2006.  They have

disclosed relevant documents and information to Plaintiff as part of the settlement efforts. Lodge

Decl. ¶¶ 4, 5.  Second, there has been little delay here—the May 5, 2006 Order to Show Cause

was issued less than a month ago, and the Order dismissing the two defendants was issued less

than 10 days ago.  Nor has there been, nor will there be, any significant impact on the court

proceedings from granting this motion. The case was not dismissed against all defendants, so this

case will remain before the Court.  As in In Re Vitamin Antitrust Actions, the reason for the

delay may have been within Plaintiff's counsel's control—it would not have occurred had Ms.

Lodge been in town and exercising her normal diligence in reviewing her email inbox.

Nevertheless, as also in In Re Vitamin Antitrust Actions, movant VWMF has acted in good faith

and promptly took action to address and remedy the delay.  Under these circumstances, Plaintiff

has demonstrated "excusable neglect" justifying relief under Rule 60(b)(1).

> B.  Dismissing the Case Against Defendants Shin Sung and Guest
>     Services Is An Unduly Harsh Sanction.

While the Court has broad discretion to determine appropriate relief, Plaintiff submit that

Dismissal of the case against Defendants Shin Sung and Guest Services is an unduly harsh

sanction, under the circumstances outlined in the Lodge Declaration.  As the D.C. Court of

Appeals has observed, "dismissal is rarely if ever appropriate when there is but a single instance

of attorney misconduct." Gardner v. United States, 211 F.3d 1305, 1309, 341 U.S. App. D.C.

247 (D.C. Cir. 2000), citing Camps v. C & P Tel. Co., 692 F.2d 120, 122 (D.C.Cir.1982). In

Gardner, the court distinguished the single misstep situation from cases in which counsel

repeatedly ignored court orders and engaged in dilatory tactics, such as in Link v. Wabash

4806803v1

Railroad Co., 370 U.S. 626 (1962), where the lawyer's repeated misconduct "was merely the culmination of a protracted course of dilatory tactics and other improper behavior in litigation that had dragged on for six years." Id. 211 F.3d at 1308, quoting Camps, 692 F.2d at 122.

In this case, as in Gardner, the sanction of dismissal is unduly severe. There is no measurable prejudice to Defendants Shin Sung or Guest Services if the case is reinstated against them. Indeed, Shin Sung has consented to the instant motion. See Exhibit 1 to Lodge Declaration. There is no significant impact on the Court's docket, as this case is going forward against the two defendants not affected by the dismissal order, Sunbeam Trading Inc. and Penguin Marketing Group. Thus, granting the requested relief will not unduly impair the Court's schedule or efficiency.

C. Plaintiff Will Be Deprived of Meritorious Claims Unless the Relief is Granted.

In contrast, failure to grant the relief requested will severely harm Plaintiff, as it will deprive Plaintiff of its ability to obtain legal redress for violation of its intellectual property rights. As asserted in the Complaint, Plaintiff Vietnam Women's Memorial Foundation owns the copyright in striking sculpture of caring service women that is the heart of the Vietnam Women's Memorial. See Complaint 14-16 and Exhibit A (copyright registration certificate) and B (photographs of the Memorial) thereto. If allowed to proceed, Plaintiff is likely to succeed in its claims against Defendants Shin Sung and Guest Services. As the Complaint asserts, these defendants sold merchandise that depicted and reproduced the Vietnam Women's Memorial sculpture, without Plaintiff's authorization. See Lodge Declaration, Exhibits 2 (a copy of an Shin Sung postcard) and Exhibit 3 (a copy of an unauthorized magnet sold by Guest Services).

To prove infringement under the Copyright Act, 17 U.S.C. § 101 et seq., a plaintiff must prove 1) ownership of a valid copyright and 2) copying of protected elements of his copyrighted

4806803v1

works.  See Feist Publications, Inc. v. Rural Tel.. Service Co., Inc., 499 U.S. 340, 361 (1991).

Plaintiff VWMF has meritorious claims against Defendants Shin Sung and Guest Services that

will be snuffed out unless Plaintiff is granted the relief requested from the May 23, 2006 Order.

　　2.  Plaintiff's Claims Should Not Be Dismissed for Lack of Prosecution.

　　Plaintiff has not failed to prosecute this case. As detailed in the Declaration of Plaintiff's

Counsel Deborah Lodge, Plaintiff has been engaged in on-going settlement negotiations with the

Defendants Shin Sung Souvenir Co. and Guest Services, Inc., as well as with answering

Defendants Sunbeam Trading Inc. and Penguin Marketing Group. In the intervening months

since the filing and service of the complaint, Plaintiff's counsel met and/or spoke with counsel

for now-dismissed Defendants Shin Sung Souvenir Co. and Guest Services, Inc. multiple times

to review the claims and explore settlement.  All those defendants provided preliminary

discovery voluntarily, which furthered settlement efforts. Lodge Decl. ¶¶ 4, 5. Those defendants

also agreed voluntarily to halt sales of the challenged merchandise, id., which obviated the need

to seek a preliminary injunction.  Lodge Decl. ¶¶ 4, 5, 11.

　　Neither defendant Shin Sung Souvenir Co., nor Guest Services, Inc. would be prejudiced

by reinstatement of the suit.  Nor would the judicial process be delayed by reinstatement, as the

Court's dismissal order pertained only to some of the defendants. Thus, this Case would continue

in any event against other defendants.  On the other hand, dismissal would be very prejudicial to

Plaintiff, which has meritorious claims of copyright infringement against each of these

defendants.

4806803v1

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Order of May 23, 2006

be vacated as to Defendants Shin Sung Souvenir Co. and Guest Services, Inc.  Plaintiff further

requests that this memorandum be accepted as Plaintiff's response to the Court's May 5, 2006

Order to Show Cause.


Dated:  May 31, 2006.                          Respectfully submitted,



                                        By: _Deborah Lodge_____
                                        Deborah M. Lodge, D.C. Bar # 393942
                                        PATTON BOGGS, LLP
                                        2550 M Street, NW
                                        Washington, DC  20037
                                        (202) 457-6000

                                        Attorneys for Plaintiff
                                        Vietnam Women's Memorial Foundation