IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIETNAM WOMEN'S MEMORIAL FOUNDATION, INC. </br></br> Plaintiff, </br></br> v. </br></br> SUNBEAM TRADING, INC. *et al*. </br></br> Defendants. | Civil Action No. 1:05CV02484 |

**LOCAL CIVIL RULE 16.3 REPORT TO THE COURT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Defendants Sunbeam Trading, Inc. and Penguin Marketing Group, by and through their undersigned counsel, respectfully submit this Local Civil Rule 16.3 Report to the Court.

Pursuant to Local Civil Rule 16.3(d), counsel hereby certifies that efforts were made to confer with Plaintiff's counsel, but that Plaintiff's counsel had not responded to Defendants' proposed report.

I.   **STATEMENT OF THE CASE**

Plaintiff Vietnam Women's Memorial Foundation, Inc. alleges Copyright Infringement against the Defendants, claiming that Plaintiff has a valid and subsisting copyright to The Vietnam Women's Memorial on the National Mall in Washington, D.C., and alleging that Defendants have copied and distributed unauthorized replicas of The Vietnam Women's Memorial.

A.   Plaintiff's Position:

It is unknown what the Plaintiff's position is.

1

B.      Defendants Sunbeam Trading, Inc. and Penguin Marketing Group's position:

Defendants' position is that: (1) Plaintiff will not be able to make their burden in showing that Plaintiff's sculpture constitutes a valid and enforceable copyrightable work; (2) Section 120 of the Copyright Act limits Plaintiff's exclusive rights under Section 106 of the Copyright Act and forecloses the claims asserted in Counts I through VII of Plaintiff's Complaint; and (3) to the extent that Defendants' Sunbeam Trading, Inc. and Penguin Marketing Group used, reproduced, or distributed merchandise containing an image of Plaintiff's sculpture, such conduct does not constitute copyright infringement under the doctrine of fair use as codified under 17 U.S.C. Section 17.  Defendants Sunbeam Trading, Inc. and Penguin Marketing Group reserve the right to rely on additional affirmative defenses listed in each Defendant's Answer, and other affirmative defenses identified in the course of discovery that are not specifically set forth therein.

II.     **REPORT ON CONFERENCE OF PARTIES**:

The numbered paragraphs below correspond to the subsections contained in Local Civil Rule 16.3(c):

1.      **Dispositive Motions**:

Defendants Sunbeam Trading, Inc. and Penguin Marketing Group presently believe that all, or at least a portion of, Plaintiff's claims may be subject to a dispositive motion.

2.      **Joinder of Parties, Amendment of Pleadings and Narrowing of Issues**:

The Defendants Sunbeam Trading, Inc. and Penguin Marketing Group do not anticipate joining any additional parties; however, the parties propose that any motion to join additional parties shall be filed within sixty (60) days from the date of the scheduling conference.  Any

further amendment of pleadings will be made as allowed by the applicable rules of civil procedure and by order of the Court.

    3.    **Agreement to Magistrate Judge**:

The parties do not request assignment to a magistrate judge.

    4.    **Possibility of Settlement**:

The parties are actively engaged in settlement discussions.

    5.    **Alternative Dispute Resolution**:

Counsel have discussed the possibility of Alternative Dispute Resolution with Defendants Sunbeam Trading, Inc. and Penguin Marketing Group, and both Defendants, in their willingness to settle the matter if possible, agree to consider Alternative Dispute Resolution as a way to resolve the matter.

    6.    **Time for Filing of Dispositive Motions**:

In the event a dispositive motion is not filed and granted earlier, the parties propose that dispositive motions be filed within sixty (60) days after the close of discovery. The parties propose that oppositions to dispositive motions be due thirty-five (35) days after service of the dispositive motion, with replies due twenty-one (21) days thereafter.

    7.    **Initial Disclosures**:

Defendants do not agree to waive initial disclosure, and ask the Court to set a date thirty (30) days from the date of the initial Scheduling Conference that is currently set for Monday, June 26, 2006 for compliance with the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    8.    **Extent of Discovery**:

The parties expect to serve admission requests, interrogatories, and document requests, and to take depositions. The parties propose that discovery should be completed within twelve (12) months of the initial Scheduling Conference.

The parties propose ten (10) depositions per side. The parties propose no departure from the presumptive limits on interrogatories.

The parties believe that a protective order will be required to safeguard confidential and otherwise sensitive information concerning its records and documents. The parties anticipate that they should be able to agree on the terms of such an order and will submit a proposed protective order to the Court for approval and entry.

9. **Experts**:

The parties propose that proponent's experts be identified within one hundred eighty (180) days of the initial Scheduling Conference, that opponent's experts be identified within forty-five (45) days thereafter, and that any rebuttal experts be identified within forty-five days of opponent's identification of its experts. The parties do not propose further modification of the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. **Class Actions**:

This is not a class action.

11. **Bifurcation**:

The parties propose that there should not be bifurcation of the trial and/or discovery.

12. **Pretrial Conference**:

The parties propose that the Court schedule a Pretrial Conference, if one is necessary, after the Court rules on any dispositive motions.

13. **Trial Date**:

The parties propose that it is too early to set a firm trial date, and that a trial date should be set at the Pretrial Conference.

Dated: June 19, 2006

Respectfully Submitted,

By:   /s/ Raighne C. Delaney
Raighne C. Delaney, D.C. Bar No. 454761
Leo S. Fisher, D.C. Bar No. 322065
Christopher A. Glaser, D.C. Bar No. 463583
BEAN, KINNEY & KORMAN, P.C
2000 N. 14th Street, Suite 100
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (fax)
Counsel for Defendants Sunbeam Trading, Inc.
and Penguin Marketing Group

## CERTIFICATE OF SERVICE

    I hereby certify that on June 19, 2006, a true copy of the foregoing Local Civil Rule 16.3 Report to the Court was sent via ECF to:

Deborah M. Lodge, Esq.
PATTON BOGGS, LLP
2550 M Street, NW
Washington, D.C. 20037
Counsel for Plaintiff Vietnam Women's Memorial Foundation, Inc.

and via first class mail, postage pre-paid, to:

Shin Sung Souvenir Co.
101 R Street, S.W.
Washington, D.C. 20024-3418

P&D Souvenir
520 10th Street, N.W.
Washington, D.C. 20004-1413

Oscar Mayers
3332 10th Place, S.E.
Washington, D.C. 20032

Oscar and Yelca Tovar
5507 Heming Avenue
Springfield, VA 22151

Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031

                                                 /s/
                                         Raighne C. Delaney, Esq.