IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIETNAM WOMEN'S MEMORIAL FOUNDATION, INC. ) ) ) Plaintiff, ) ) v. ) ) SUNBEAM TRADING, INC. *et al.* ) ) Defendants. ) ) | Civil Action No. <u>1:05CV02484</u> |

## LOCAL CIVIL RULE 16.3 REPORT TO THE COURT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff, by and through its counsel, and Defendants Sunbeam Trading, Inc. and Penguin Marketing Group, by and through their counsel, respectfully submit this joint Local Civil Rule 16.3 report. This report supplements the report filed by Defendants' counsel earlier today, June 19, 2006. This report contains Plaintiff's positions as well, which were added to the draft report that Defendants' counsel forwarded to Plaintiff's counsel at 3:32 pm today. Counsel for Plaintiff regrets that she was not able to review the Defendants' draft prior to the time it was filed at 5:20 pm, but appreciates the preparation of the draft.

I.   **STATEMENT OF THE CASE**

   A.   Plaintiff Vietnam Women's Memorial Foundation, Inc.'s Position:

      This is a copyright infringement case. Plaintiff Vietnam Women's Memorial Foundation, Inc. owns the copyright in the sculpture that forms the

1

heart of the Vietnam Women's Memorial. That sculpture, which depicts three women and a wounded soldier, is an original work of art protected under the Copyright Act. The work was created by Glenna Goodacre, who registered the copyright and subsequently assigned it to Plaintiff, a non-profit foundation dedicated to honoring the women who served in the Vietnam War. Copyright notice prominently appears on the sculpture.

This case arises out of Defendants Sunbeam Trading, Inc.'s and Penguin Marketing Group's unauthorized reproduction and sale of products depicting the sculpture. Defendants had access to the Vietnam Women's Memorial, and their reproductions are substantially similar to and therefore infringe Plaintiff's rights in the copyright-protected sculpture.

Plaintiff has been severely injured by these infringements, which violate its exclusive rights of copyright. Among those exclusive rights are the rights to reproduce and distribute the copyrighted work and to authorize others to do so. Moreover, Defendant Sunbeam Trading Inc.'s actions must be seen as particularly willful, as it violated its express written agreement that Defendant Sunbeam Trading Inc. would cease and desist from selling unauthorized replicas of the Vietnam Women's Memorial. Defendant seeks an injunction against further infringements, damages, and other relief as appropriate.

B.  Defendants Sunbeam Trading, Inc. and Penguin Marketing Group's position:

Defendants' position is that: (1) Plaintiff will not be able to make their burden in showing that Plaintiff's sculpture constitutes a valid and enforceable copyrightable work; (2) Section 120 of the Copyright Act limits Plaintiff's exclusive rights under Section 106 of the Copyright Act

2

and forecloses the claims asserted in Counts I through VII of Plaintiff's Complaint; and (3) to the extent that Defendants' Sunbeam Trading, Inc. and Penguin Marketing Group used, reproduced, or distributed merchandise containing an image of Plaintiff's sculpture, such conduct does not constitute copyright infringement under the doctrine of fair use as codified under 17 U.S.C. Section 17. Defendants Sunbeam Trading, Inc. and Penguin Marketing Group reserve the right to rely on additional affirmative defenses listed in each Defendant's Answer, and other affirmative defenses identified in the course of discovery that are not specifically set forth therein.

II.   **REPORT ON CONFERENCE OF PARTIES**:

The numbered paragraphs below correspond to the subsections contained in Local Civil Rule 16.3(c):

1.   **Dispositive Motions**:

Defendants Sunbeam Trading, Inc. and Penguin Marketing Group presently believe that all, or at least a portion of, Plaintiff's claims may be subject to a dispositive motion. Plaintiff concurs.

2.   **Joinder of Parties, Amendment of Pleadings and Narrowing of Issues**:

The Defendants Sunbeam Trading, Inc. and Penguin Marketing Group do not anticipate joining any additional parties; however, the parties propose that any motion to join additional parties shall be filed within sixty (60) days from the date of the scheduling conference. Any further amendment of pleadings will be made as allowed by the applicable rules of civil procedure and by order of the Court. Plaintiff concurs.

3.   **Agreement to Magistrate Judge**:

Defendants Sunbeam Trading, Inc. and Penguin Marketing Group do not request assignment to a magistrate judge. Plaintiff would be pleased to have this case assigned to a magistrate judge. Plaintiff believes the primary issue in this case will be the amount of profits or other damages owed by these defendants.

4. **Possibility of Settlement**:

The parties are actively engaged in settlement discussions.

5. **Alternative Dispute Resolution**:

Counsel have discussed the possibility of Alternative Dispute Resolution with Defendants Sunbeam Trading, Inc. and Penguin Marketing Group, and both Defendants, in their willingness to settle the matter if possible, agree to consider Alternative Dispute Resolution as a way to resolve the matter. Plaintiff would prefer assignment to a magistrate, rather than Alternative Dispute Resolution

6. **Time for Filing of Dispositive Motions**:

In the event a dispositive motion is not filed and granted earlier, the parties propose that dispositive motions be filed within sixty (60) days after the close of discovery. The parties propose that oppositions to dispositive motions be due thirty-five (35) days after service of the dispositive motion, with replies due twenty-one (21) days thereafter.

7. **Initial Disclosures**:

Defendants do not agree to waive initial disclosure, and ask the Court to set a date thirty (30) days from the date of the initial Scheduling Conference that is currently set for Monday, June 26, 2006 for compliance with the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. **Extent of Discovery**:

The parties expect to serve admission requests, interrogatories, and document requests, and to take depositions. The parties propose that discovery should be completed within twelve (12) months of the initial Scheduling Conference.

The parties propose ten (10) depositions per side. The parties propose no departure from the presumptive limits on interrogatories.

The parties believe that a protective order will be required to safeguard confidential and otherwise sensitive information concerning its records and documents. The parties anticipate that they should be able to agree on the terms of such an order and will submit a proposed protective order to the Court for approval and entry.

9. **Experts**:

The parties propose that proponent's experts be identified within one hundred eighty (180) days of the initial Scheduling Conference, that opponent's experts be identified within forty-five (45) days thereafter, and that any rebuttal experts be identified within forty-five days of opponent's identification of its experts. The parties do not propose further modification of the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. **Class Actions**:

This is not a class action.

11. **Bifurcation**:

The parties propose that there should not be bifurcation of the trial and/or discovery.

12. **Pretrial Conference**:

The parties propose that the Court schedule a Pretrial Conference, if one is necessary, after the Court rules on any dispositive motions.

13.  **Trial Date**:

The parties propose that it is too early to set a firm trial date, and that a trial date should be set at the Pretrial Conference.

Dated: June 19, 2006

Respectfully Submitted,
By:__/s/ Deborah M. Lodge
Deborah M. Lodge, D.C. Bar # 393942
PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC  20037
(202) 457-6000
Attorneys for Plaintiff
Vietnam Women's Memorial Foundation

Based on draft prepared by:
Raighne C. Delaney, D.C. Bar No. 454761
BEAN, KINNEY & KORMAN, P.C
2000 N. 14th Street, Suite 100
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (fax)
Counsel for Defendants Sunbeam Trading, Inc.
and Penguin Marketing Group

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006, a true copy of the foregoing Local Civil Rule 16.3 Report to the Court was sent by electronic mail, to:

Raighne C. Delaney, D.C. Bar No. 454761
BEAN, KINNEY & KORMAN, P.C
 2000 N. 14th Street, Suite 100
Arlington, Virginia 22201
c/o Heidi Meinzer: hmeinzner@beankinney.com
Counsel for Defendants Sunbeam Trading, Inc. and Penguin Marketing Group

James Lyons
Kellogg Williams & Lyons
1925 K St. NW
Washington, D.C. 20006
jameslyons@verizon.net
Counsel for Shin Sung Souvenir Co.

Douglas Verner, Esq.
General Counsel
Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031
vernerd@guestservices.com
Counsel for Guest Services, Inc.

                                              /s/
                                        Deborah M. Lodge, Esq.