## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIETNAM WOMEN'S MEMORIAL FOUNDATION, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. <u>1:05CV02484</u> (RWR/JMF) |
| SUNBEAM TRADING, INC. *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

## BEAN, KINNEY & KORMAN'S MOTION
## <u>TO WITHDRAW COUNSEL PURSUANT TO LOCAL RULE 83.6(c)</u>

COMES NOW counsel for defendant Sunbeam Trading, Inc. ("Sunbeam"), the law firm of Bean, Kinney & Korman, P.C. ("BKK"), to move this Court, pursuant to Local Rule 83.6(c), for the Court to permit BKK's withdrawal from this case. In support of its Motion, Sunbeam states as follows:

I.    <u>Statement of Material Facts</u>

1.    No trial date has been set in this matter. The next event is a Settlement Conference with Magistrate Judge Facciola on August 8, 2006 at 10:00 AM. Discovery has been stayed until September 1, 2006.

2.    Sunbeam retained BKK in this matter. On behalf of Sunbeam, Sunbeam's majority owner and President, Mr. Ziyu Zheng, signed a Representation Agreement, which states in relevant part:

> 10.    **Our Right to Terminate Engagement.** We have the right to terminate this engagement by written notice to you (to the extent permitted by the Rules of Professional Conduct or applicable rules of court) if you do not perform all of your obligations under this Agreement, if you fail materially to cooperate with us or if we become aware of any fact or circumstance that, in our opinion, would

1

render our continuing engagement unlawful, unethical, or otherwise inappropriate.

3.    BKK recently discovered that Mr. Zheng has sold his interest in Sunbeam to new owners, who now appear to control Sunbeam.  See Exhibit A (Stock Purchase Agreement).

4.    After learning of the transfer of Mr. Zheng's interest and control of Sunbeam, BKK contacted Sunbeam's new President, Ms. Xiao Ling Wei, who refused to discuss this matter with BKK and directed BKK to her attorneys, Sidney Freidman and Lisa Goldblatt of Weinstock, Friedman & Friedman, P.A. ("WF&F").

5.    Despite BKK's request for authorization, cooperation, and/or guidance from Sunbeam's new President, on or about June 28, 2006, the WF&F attorneys gave information to BKK which led BKK to believe that there were disputes between Mr. Ziyu Zheng and  Ms. Xiao Ling Wei, which would complicate BKK's representation of Sunbeam.

6.    Subsequently, BKK requested WF&F to clarify situation.  WF&F's response, while arguably privileged, makes clear that there is no person at Sunbeam that will communicate with, cooperate with, or give guidance to BKK.

7.    BKK will bring the email discussions to the hearing of this matter, for the Court's in camera review, if necessary.

8.    Irreconcilable differences have arisen between BKK and Sunbeam such that BKK is unable to continue with its representation of Sunbeam.

9.    Assuming the Court does not grant this motion, BKK will find itself in the position of being absolutely unable to litigate this case or proceed in any way.

10.    Given Sunbeam's attitude, it is clear that Sunbeam is unlikely to pay BKK for its efforts in this matter.

II.    <u>Argument</u>

Local Rule 83.6(c) provides that an attorney may withdraw, stating in relevant part:

> . . . if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney . . . , a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the attorney to obtain other counsel, . . . .

Local Rule 83.6(c).

This Court set the standard of review for granting an attorney's motion to withdraw his appearance in <u>Honda Power Equipment Man'fg, Inc. v. Woodhouse, et al</u>, 219 F.R.D. 2, 6 (D.D.C. 2003). Essentially, a court will deny an attorney's motion to withdraw if the withdrawal would unduly delay trial, be unfairly prejudicial to any party, or not be in the interests of justice. <u>Id</u>. Courts have consistently granted an attorney's motion to withdraw when a defendant is unresponsive and has not paid his or her attorney. <u>Id</u>. (citing <u>Joseph Brenner Assocs. v. Starmaker Entm't, Inc.</u>, 82 F.3d 55, 57 (2d Cir. 1996) and other cases).

In this case, this Court has not yet set a trial date, therefore BKK's withdrawal will not unduly delay trial. BKK's withdrawal will not prejudice any party, because other than standing by and watching, BKK has no possible way of representing Sunbeam in upcoming discovery, settlement or trial process. Finally, just as in <u>Honda Power</u>, it cannot be in the interests of justice for BKK to represent a client who refuses to communicate with it, pay it, or even acknowledge that BKK has entered an appearance in this case on its behalf.

III.    <u>Certificate</u>

Prior to filing this motion, BKK made a good faith effort to obtain the consent of all parties in this case and persons with an actual or possible interest in Sunbeam. All such persons

were served a copy of this Motion.  Additionally, pursuant to Rule BKK has served upon

Sunbeam a Notice requesting it to find other counsel, a copy of which is attached hereto as

Exhibit B.

WHEREFORE, Bean, Kinney & Korman, P.C. respectfully requests the Court grant its

Motion to Withdraw as counsel for Sunbeam Trading, Inc. in this litigation.


Dated: August 3, 2006                    Respectfully Submitted,

                                         By:    /s/    Raighne C. Delaney
                                         Raighne C. Delaney, DC Bar No. 454761
                                         Leo S. Fisher, DC Bar No. 322065
                                         Christopher A. Glaser, DC Bar No. 463583
                                         BEAN, KINNEY & KORMAN, P.C
                                         2000 N. 14th Street, Suite 100
                                         Arlington, Virginia 22201
                                         (703) 525-4000
                                         (703) 525-2207 (fax)
                                         Counsel for Defendant Sunbeam Trading, Inc. and
                                         Defendant Penguin Marketing Group

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2006, a true copy of the foregoing Motion was sent via first class mail, postage pre-paid, to:

Deborah M. Lodge, Esq.
PATTON BOGGS, LLP
2550 M Street, NW
Washington, D.C. 20037
Counsel for Plaintiff Vietnam Women's Memorial Foundation, Inc.

Sidney Friedman
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208

Lisa Goldblatt
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208

Ziyu Zheng
14026 Loblolly Terrace
Rockville, Maryland 20850

Xiao Ling Wei
14026 Loblolly Terrace
Rockville, Maryland 20850

Shan K. Chien
1315 4th Street, NE
Washington, DC 20002

Herbert Shih
1315 4th Street, NE
Washington, DC 20002

Xiao Ling Wei
1315 4th Street, NE
Washington, DC 20002

Sunbeam Trading, Inc.
SERVE:      Registered Agent Xiao Lin Wei Zheng
              1315 4th Street, NE
              Washington, DC 20002

James Lyons, Esq.
Kellogg, Williams & Lyons
1925 K Street, NW, Suite 200
Washington, DC 20006
Counsel for Defendant Shin Sung Souvenir Co.

P&D Souvenir
520 10th Street, N.W.
Washington, D.C. 20004-1413

Oscar Mayers
3332 10th Place, S.E.
Washington, D.C. 20032

Oscar and Yelca Tovar
5507 Heming Avenue
Springfield, VA 22151

Douglas Verner, Esq.  DC Bar # 456152
General Counsel
Guest Services, Inc.
3055 Prosperity Avenue
Fairfax, VA 22031
Attorney for Defendant Guest Services, Inc.


                                     /s/
                                Raighne C. Delaney, Esq.

## STOCK PURCHASE AGREEMENT

This Agreement is entered into this 26th day of January , 2006 by and between Ziyu Zheng (Seller), Xiao Ling Wei, Shan K. Chien and Herbert Shih (Buyers), and Sunbeam Trading, Inc. (Corporation).

Whereas Seller is the owner of all the outstanding stock of the Corporation, and

Whereas Buyers desire to purchase all of such stock, and Seller desires to sell the same, all on the terms and conditions set forth below:

Now, therefore, the parties agree as follows:

1.  Purchase and Delivery of Stock

    a.  Buyers shall pay Seller the principal sum of Three Hundred Thousand Dollars ($300,000) as payment in full for the 2,000 shares of the Corporation's stock owned by Seller ($150 per share) payable on the closing date.

    b.  On the closing date, Seller shall deliver to Buyers the properly endorsed stock certificates evidencing the 2,000 shares of the Corporation's stock owned by Seller.

2.  Representation and Warranties of Seller:

    Seller represents and warrants to Buyers the following facts, with the knowledge that Buyers are purchasing Seller's stock in full reliance thereon:

    a.  That the Corporation is duly organized and existing under the laws of the District of Columbia, and is in good standing with the government

— 1 —

EXHIBIT A

agency of the District of Columbia.

b.  That Seller is the sole owner of all the Corporation's outstanding stock of 2,000 shares, that no other person or entity has any claim on or right to receive any of the Corporation's shares, that Seller has the full right to convey good and unencumbered title to Buyers, and that upon the closing hereunder Buyers will have complete ownership of the Corporation.

c.  That the present officers and directors of the Corporation are as follows:

President:   Ziyu Zheng,
Secretary:
Treasurer:

Director:    Ziyu Zheng,
Director:
Director:

Seller warrants that the written resignations of said officers and directors will be submitted to Buyers on the closing date.

d.  That the balance sheet of the Corporation as of December 31, 2005 is attached hereto as Exhibit A, that said balance sheet fully and correctly reflects the assets, liabilities, and net worth of the Corporation as of said date, and that no material changes therein will occur between said date and the date of closing..

e.  That Seller warrants that the Corporation has no liabilities or obligations of any nature, absolute or contingent, other than those shown on Exhibit A

- 2 -

EXHIBIT A

If demand is made on the Corporation for any undisclosed liability, then Seller agrees to discharge said liability or defend and hold the Corporation harmless therefrom at his own expense.

f.  That a list of all insurance policies covering the business and property of the Corporation shall be in effect on the closing date.

g.  That the lease agreements on the business and warehouses are in full force and effect as written.

h.  That an itemized list of all fixtures, equipment and other leasehold improvements of the Corporation is attached.

i.  That to the best of Seller's knowledge, the Corporation has complied with all applicable laws, rules and regulations of the District and federal governments.

j.  That there is no litigation or claims of any nature whatsoever pending or threatened against the Corporation, and that no material fact regarding the Corporation has been omitted which would reasonably affect a prudent investor's decision to purchase all of the Corporation's stock.

k.  That the Corporation owns the following assets:

    (1)  Truck
    (2)  GMC Van
    (3)  Toyota Van
    (4)  3 computers, 2 printers and 1 label printer
    (5)  2 Units of High Power Pressure press
    (6)  Warehouse inventory at 1266 5th Street, N.E. Washington, D.C.
    (7)  Warehouse inventory at 1315 4th Street, N.E., Washington, D. C.
    (8)  Warehouse inventory at 5120 Frolich Lane, Tuxedo, MD 20781.

- 3 -

EXHIBIT A

3. Covenant Not to Compete:

Seller agrees not to compete directly or indirectly with the Corporation in the

sale of similar products and merchandise in the United States

for a period of five years from the closing date. In the event of the

breach of this covenant by Seller, Buyers shall be entitled to injunctive relief

as well as to damages sustained.

4. Indemnity:

Seller agrees to indemnify and hold harmless the Corporation and the Buyers

from any and all loss resulting from any misrepresentation or breach of warranty

made herein, including the expenses and legal fees that might be incurred because

of such misrepresentation or breach..

5. Closing and Risk of Loss:

The closing shall take place on January _____, 2006 at 4:00 p. m. All

payments to be made and documents to be delivered on the closing date shall

be consummated at that time. The risk of loss to any of the assets of the

Corporation shall remain with Seller until the time of closing.

6. Buyers and their Shares:

The buyers and their shares are shown below:

| | | |
|---|---|---|
| Xiao Ling Wei | 800 shares | 40% |
| Shan K.Chien | 800 share | 40% |
| Herbert Shih | 400 shares | 20% |

— 4 —

EXHIBIT A

7. Benefit of Agreements:

The terms of this Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the parties hereto.

In Witness Whereof, the parties now duly execute this Agreement on the date and year above written.

Witness:

_____    _____
                            Ziyu Zheng, Seller

_____    _____
                            Xiao Ling Wei, Buyer

_____    _____
                            Shan K. Chien

_____    _____
                            Herbert Shih, Buyer    JAN. 26, 2006

Attest                      SUNBEAM TRADING, INC.

_____
Secretary                   By _____
                               President

– 5 –

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VIETNAM WOMEN'S MEMORIAL FOUNDATION, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. <u>1:05CV02484</u> (RWR/JMF) |
| v. | ) | |
| | ) | |
| SUNBEAM TRADING, INC. *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE</u>

This serves to notify Sunbeam Trading, Inc. that Bean, Kinney & Korman, P.C. ("BKK") is making a motion to the United States District Court for the District of Columbia to ask the Court to allow BKK to withdraw as counsel for Sunbeam Trading, Inc. ("Sunbeam"). BKK hereby advises Sunbeam to obtain other counsel or, if Sunbeam intends to conduct the case *pro se* or object to the withdrawal, Sunbeam must notify the Clerk of the Court in writing within five days of service of this Motion to Withdraw and Notice.

EXHIBIT B
7

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2006, a true copy of the foregoing Notice was sent via first class mail, postage pre-paid, to:

Sidney Friedman
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208

Lisa Goldblatt
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208

Ziyu Zheng
14026 Loblolly Terrace
Rockville, Maryland 20850

Xiao Ling Wei
14026 Loblolly Terrace
Rockville, Maryland 20850

Shan K. Chien
1315 4th Street, NE
Washington, DC 20002

Herbert Shih
1315 4th Street, NE
Washington, DC 20002

Xiao Ling Wei
1315 4th Street, NE
Washington, DC 20002

Sunbeam Trading, Inc.
SERVE:      Registered Agent Xiao Lin Wei Zheng
            1315 4th Street, NE
            Washington, DC 20002

                    /s/
            Raighne C. Delaney, Esq.

EXHIBIT B
8